IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LION 2004 RECEIVABLES TRUST,

                    Plaintiff,

      v.                              C.A. No. 16-723-RGA

LONG TERM PREFERRED CARE, INC.,

                    Defendant.

## MEMORANDUM ORDER

Plaintiff filed a complaint alleging breach of contract and fraud in relation to a contract entered into in 2004. Defendant responded with a motion to dismiss. (D.I. 11). I referred the motion to the Magistrate Judge. (D.I. 15). The Magistrate Judge duly issued a Report and Recommendation, which recommended denial of the motion. (D.I. 21). Defendant filed objections (D.I. 22), to which Plaintiff responded. (D.I. 24). I now consider the objections.

My review of these objections is *de novo*. FED. R. CIV. P. 72(b)(3).

For the reasons given below, I will **OVERRULE** all objections, and **ADOPT** the Magistrate Judge's Report and Recommendation to the extent it is not inconsistent with anything stated below. **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss for Failure to State a Claim (D.I. 11) is **DENIED.**

A little background is helpful. The 2004 contract gives Plaintiff the right to receive future commissions on various long-term insurance policies issued by third parties, such as Allianz. Plaintiff alleges that some of the representations in the contract were false, with the result that it has received $36 million less in commissions than it should have. Plaintiff states

1

that it did not know, and had no reason to know, of any breach or fraud on the part of Defendant before October 2009. (D.I. 1, ¶ 59). The parties entered into a tolling agreement on June 18, 2012. (Id., ¶ 60). There was a supplemental tolling agreement in September 2013, which covered additional claims. (Id., ¶ 66). Thus, Plaintiff states, its complaint is timely.

Defendant's motion urged that all claims were barred by the statute of limitations and that the fraud count was inadequately pled. The Magistrate Judge concluded that Plaintiff "adequately alleged that the doctrines of inherently unknowable injuries and fraudulent concealment apply to the alleged breach of contract, fraud, and indemnification claims," thus tolling the statute of limitations. (D.I. 21 at 15). The Magistrate Judge further concluded that "as a whole, Lion's complaint adequately pleads the elements of fraud in accordance with FED. R. CIV. P. 9(b) and applicable Delaware law." (*Id.* at 17).

I view the facts pled in relation to the statute of limitations issue in the light most favorable to Plaintiff.

Defendant raises three issues in its objections: (1) whether Plaintiff has successfully pled "fraudulent concealment," (2) whether Plaintiff has successfully pled "inherently unknowable injuries," and (3) whether the pleadings establish that Plaintiff was on "inquiry notice."

First, Defendant argues that the statute of limitations cannot be tolled under fraudulent concealment "unless the plaintiff pleads an independent act of concealment separate and apart from the alleged wrongdoing underling its claims." (D.I. 22 at 3) (emphasis omitted). Defendant states that Plaintiff did not plead an independent act, so fraudulent concealment should not apply.

Second, Defendant argues that Plaintiff did not plead an unknowable injury because the unknowable injury exception only applies when it would be "practically impossible" for the claimant to discover the basis for a cause of action. (*Id*. at 4). Defendant states that Plaintiff's complaint does not allege any facts implying, nor does the Magistrate Judge's report conclude, that Plaintiff's claims were "practically impossible" to discover. (*Id*.). Defendant argues that Plaintiff had the means of discovering its claims, and the communications that Plaintiff had with an insurer leading to the discovery of the alleged wrongdoing could have occurred at any time. (*Id*.).

Third, Defendant argues that, even if tolling is adequately pled, Plaintiff was on inquiry notice in January 2009.

The Magistrate Judge properly found that Plaintiff has adequately pled fraudulent concealment for purposes of tolling. The complaint alleges Defendant provided to Plaintiff a copy of a 1996 agreement but did not provide a commission schedule that would have revealed the true state of affairs. This is a sufficient allegation of concealment independent of the contractual promises.

I am not certain whether I agree with the Magistrate Judge on the "inherently unknowable." I agree that Plaintiff pled that its claims were unknown to it, but I am not sure that that I would say the claims were "inherently" unknowable. In light of the fact that one basis for tolling the statute of limitations is pled, I do not think that I have to decide each alleged alternative tolling theory. One is sufficient. Thus, I express no opinion on the "inherently unknowable" theory.

3

The issue of inquiry notice is fact intensive. Viewing the pleadings favorably to Plaintiff, I agree with the Magistrate Judge. I think Plaintiff has alleged that it was not on inquiry notice. It is an issue on which there ought to be discovery, and I expect it will be revisited on summary judgment.

Defendant argues Plaintiff's fraud claim should be dismissed because (1) it is based on supposed breaches of the 2004 agreement; and (2) Plaintiff did not plead damages arising from fraud distinct from those related to its contract claims. (D.I. 22 at 8-10).

I agree with the Magistrate Judge that Plaintiff has pled a fraud theory that includes more than just the allegation that Defendant breached a duty created by the 2004 contract. I would treat the allegation of the breach of a duty created by that contract (*id.*, ¶ 86) as surplusage.

I agree with the Magistrate Judge that the fraud damages are sufficiently pled.

For the reasons set forth above, I adopt the Report and Recommendation and its recommendations. Defendant's Motion to Dismiss is denied.

Entered this $\frac{31}{}$ day of August, 2017.

Richard G. Andrews

United States District Judge

4